**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF**

**PENNSYLVANIA**

**CIVIL DIVISION**

| | |
|---|---|
| **MICHELE RICHARD,** | CIVIL ACTION NO. : |
| Plaintiff, | JURY TRIAL DEMANDED |
| v. | |
| **FANATICS GROUP CONCESSIONS LLC**, | |
| Defendant. | |

COMPLAINT

Plaintiff, Michele Richard ("Plaintiff" or "Ms. Richard"), by and through her undersigned counsel, Sharon L. Wigle, Attorney at Law, brings this civil action against Defendant, Fanatics Group Concessions LLC ("Defendant" or "Fanatics"), and alleges as follows:

I. INTRODUCTION AND NATURE OF THE ACTION

1. This is an action for unlawful employment practices and damages arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"); the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §

621, et seq. ("ADEA"); and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq. ("PHRA"), as well as related Pennsylvania common law.

2. Plaintiff is a woman and a worker over the age of forty (40) who was employed by Defendant in Allegheny County, Pennsylvania, in connection with concessions and retail operations at sporting and/or entertainment venues.

3. Plaintiff brings this action to redress Defendant's unlawful discrimination, harassment, hostile work environment, and retaliation on the basis of her sex and age, as well as Defendant's negligence in hiring, training, supervising, and retaining the individuals who perpetrated or allowed such unlawful conduct to continue.

4. Plaintiff further seeks redress for the severe emotional distress and other damages she suffered as a direct and proximate result of Defendant's actions and omissions.

5. As set forth more fully below, Defendant subjected Plaintiff to disparate treatment, denied her terms and conditions of employment afforded to similarly situated, younger and/or male employees, subjected her to a hostile and abusive working environment, retaliated against her for engaging in protected activity, and ultimately took adverse employment action against her, up to and including [insert "termination," "constructive discharge," or other final adverse action] of her employment.

6. Plaintiff seeks all legal and equitable relief available, including but not limited to back pay, front pay, or reinstatement, compensatory damages, punitive damages where available, liquidated damages where available, pre- and post-judgment interest, attorneys' fees, costs, and such other relief as the Court deems just and proper.

II. PARTIES

7. Plaintiff, Michele Richard, is an adult individual and citizen of the Commonwealth of Pennsylvania, residing at 1224 Chestnut Street Turtle Creek, Pennsylvania 15145

8. At all times relevant hereto, Plaintiff was an "employee" of Defendant within the meaning of Title VII, the ADEA, and the PHRA.

9. Defendant, Fanatics Group Concessions LLC, is a limited liability company organized and existing under the laws of Pennsylvania with a principal place of business at PNC

Park 115 Federal St Pittsburgh PA 15212 and at all relevant times conducted substantial, continuous, and systematic business in Allegheny County and throughout the Western District of Pennsylvania.

10. At all times relevant hereto, Defendant was an "employer" within the meaning of Title VII, the ADEA, and the PHRA, in that it was engaged in an industry affecting commerce and employed more than the statutory minimum number of employees.

11. Upon information and belief, Defendant owned, operated, managed, and/or controlled concessions, retail, and related operations at [name of stadium/arena/venue], and/or other venues within Allegheny County, Pennsylvania, at which Plaintiff worked.

12. At all times relevant, Defendant acted by and through its officers, managers, supervisors, employees, and/or agents, each of whom was acting within the course and scope of their employment, agency, and/or apparent authority.

III. JURISDICTION AND VENUE

13. This Court has original subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including Title VII and the ADEA.

14. This Court has supplemental jurisdiction over Plaintiff's state law claims, including her claims under the PHRA and Pennsylvania common law, pursuant to 28 U.S.C. § 1367, because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

15. The Court has authority to grant the declaratory, equitable, and monetary relief sought herein pursuant to 28 U.S.C. §§ 2201–2202, Title VII, the ADEA, the PHRA, and the common law of Pennsylvania.

17. Venue is proper in the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district, specifically in Allegheny County, Pennsylvania.

18. Venue is further proper because Plaintiff was employed by Defendant in Allegheny County, the unlawful employment practices complained of herein were committed in

Allegheny County, and Defendant operates and maintains business locations in Allegheny County within this District.

## IV. ADMINISTRATIVE EXHAUSTION

19. Plaintiff has satisfied all conditions precedent to the institution of this lawsuit under Title VII, the ADEA, and the PHRA.

20. Plaintiff timely filed a Charge of Discrimination with PHRC which was cross-filed with the EEOC, alleging discrimination, harassment, and retaliation based on sex and age against Defendant.

21. The EEOC issued to Plaintiff a Notice of Right to Sue relating to advising her of the right to commence a civil action in federal court within ninety (90) days of receipt of the Notice. (Exhibit A).

22. Plaintiff commenced this action within ninety (90) days of her receipt of the final Notice of Right to Sue from the EEOC.

23. More than one (1) year has passed since the filing of Plaintiff's PHRC charge(s), and the PHRC has either issued a right-to-sue letter or otherwise closed its file, thereby entitling Plaintiff to pursue her PHRA claims in this Court.

## V. FACTUAL BACKGROUND

24. Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 25 above as if fully set forth herein.

25. Plaintiff began working for Defendant on March 16, 2006 as a Warehouse/Store Supervisor at Defendant's operations associated with in Allegheny County, Pennsylvania.

26. At all times during her employment, Plaintiff performed her job duties in a competent, professional, and satisfactory manner and met or exceeded Defendant's legitimate expectations.

27. Over the course of her employment, Plaintiff's job titles, duties, and responsibilities included, without limitation: [describe responsibilities, e.g., overseeing concession stands, managing inventory, supervising hourly staff, handling cash and point-of-sale systems, coordinating game-day operations, and interacting with venue management and fans].

28. At all relevant times, Defendant employed numerous other concession and retail workers, including males and individuals substantially younger than Plaintiff, many of whom had less experience and/or inferior performance records compared to Plaintiff.

29. From early in her employment, Plaintiff was subjected to disparate treatment because of her sex (female) and age (over forty), including being denied promotions, favorable shifts, training opportunities, and other benefits that were routinely afforded to younger and/or male employees.

30. For example, on or about [date or approximate timeframe], Defendant selected a younger, male employee, [Name of Comparator 1], for a [promotion/lead position/title] for which Plaintiff was more qualified and had expressly expressed interest, despite Plaintiff's superior experience and seniority.

31. Plaintiff's supervisors and higher-level managers made frequent comments reflecting gender bias, age bias, and stereotyped views about women and older workers in the workplace.

32. Such comments included, but were not limited to, remarks that Plaintiff was "too old for this job," that Defendant "needed younger faces" at the stands, that "women are too emotional to lead crews," and that Plaintiff should "step aside and let the younger guys take over".

33. Plaintiff was also subjected to unwelcome, offensive, and demeaning comments, jokes, and innuendo of a sexual and gender-based nature including comments about her appearance, body, and clothing, as well as commentary that women in the workplace should be "seen and not heard" and "grateful" for whatever schedules or assignments they receive.

34. On multiple occasions, including intimidating or threatening comments toward her when she attempted to assert her rights or raise concerns, including statements that she "should not rock the boat," that "complainers don't last long here," and that "if you don't like it, you can leave."

35. Defendant's management regularly assigned Plaintiff less favorable schedules, including [late shifts, split shifts, or fewer prime event assignments], while assigning preferred schedules and more lucrative event days to younger and/or male employees with less seniority.

36. Plaintiff's efforts to obtain additional hours or event assignments were frequently denied or ignored, while similarly situated younger and/or male workers regularly received such opportunities, resulting in reduced income and economic harm to Plaintiff.

37. Plaintiff also experienced increased scrutiny, nitpicking, and unwarranted criticism of her work performance, even though no prior performance issues had been documented and she consistently received positive feedback from customers and co-workers.

38. Plaintiff complained verbally to about the discriminatory treatment she was experiencing, including the sexist and ageist remarks, the unfair scheduling practices, and the preference shown to younger and/or male employees.

39. Plaintiff reasonably believed she was complaining about unlawful discrimination and harassment in violation of Title VII, the ADEA, and the PHRA, and her complaints constituted protected activity under those statutes.

40. Instead of investigating and remedying the situation, Defendant either failed to conduct any meaningful investigation or conducted a cursory and biased inquiry that resulted in no corrective action against the offenders.

41. Following Plaintiff's complaints, Defendant and its management retaliated against her by, among other things, further restricting her work hours, increasing her workload without additional pay, subjecting her to heightened scrutiny, and issuing unwarranted discipline or write-ups.

42. Plaintiff was issued a [written warning, final warning, or performance improvement plan] based on alleged performance issues that were fabricated, exaggerated, or trivial, and which were not applied similarly to younger and/or male comparators.

43. Plaintiff again complained to about ongoing discrimination, retaliation, and hostile work environment, and requested that Defendant take appropriate steps to stop the unlawful conduct.

Docusign Envelope ID: 2192AA0C-55D6-42BB-8C86-D0A68B40EB16

44. Despite her repeated complaints, Defendant failed to adequately respond, condoned the conduct, and allowed the hostile and discriminatory environment to persist and worsen.

45. Plaintiff's work environment became increasingly intolerable, with continuing discriminatory comments, retaliatory treatment, ostracism by co-workers, and a pattern of management decisions designed to marginalize her and pressure her to resign.

46. Defendant took adverse employment action against Plaintiff by terminating her employment citing pretextual reasons unrelated to her actual job performance.

47. Defendant's stated reason(s) for the adverse action, including alleged [misconduct, attendance issues, performance deficiencies, or restructuring], were false, inconsistent, and a pretext for unlawful discrimination and retaliation.

48. As a direct and proximate result of Defendant's conduct, Plaintiff lost wages, benefits, and other forms of compensation, and suffered damage to her career prospects and reputation.

49. Plaintiff has also suffered and continues to suffer emotional distress, mental anguish, humiliation, anxiety, loss of sleep, and other physical and emotional manifestations of stress as a result of Defendant's unlawful conduct.

50. Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights, and with willful disregard of its obligations under Title VII, the ADEA, the PHRA, and Pennsylvania law.

51. At all relevant times, Defendant failed to adopt and/or enforce adequate policies, procedures, and training designed to prevent and promptly correct discrimination, harassment, and retaliation in the workplace.

52. Defendant failed to properly train and supervise its managers and supervisors, regarding their obligations under federal and state anti-discrimination laws.

53. Defendant knew or should have known of the discriminatory, harassing, and retaliatory conduct directed at Plaintiff but failed to take prompt, effective remedial action, thereby ratifying and condoning such conduct.

## VI. CAUSES OF ACTION

## COUNT I

## SEX DISCRIMINATION – TITLE VII

(Against Defendant Fanatics Group Concessions LLC)

54. Plaintiff incorporates by reference Paragraphs 1 through 53 above as though fully set forth herein.

55. Plaintiff is a member of a protected class based on her sex (female) within the meaning of Title VII.

56. Defendant, through its agents, managers, and supervisors, subjected Plaintiff to adverse employment actions and disparate treatment in the terms, conditions, and privileges of her employment because of her sex.

57. Such adverse treatment included, but was not limited to, denial of promotions and advancement opportunities, assignment of less favorable shifts and event schedules, differential discipline, disparate performance standards, and ultimately [termination or other adverse employment action].

58. Defendant treated similarly situated male employees more favorably than Plaintiff under circumstances giving rise to an inference of unlawful discrimination.

59. Defendant's actions and omissions described herein constitute unlawful discrimination on the basis of sex in violation of Title VII.

60. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has sustained damages, including loss of wages, loss of benefits, emotional distress, and other non-economic and economic damages.

COUNT II

SEX DISCRIMINATION – PHRA

(Against Defendant Fanatics Group Concessions LLC)

61. Plaintiff incorporates by reference Paragraphs 1 through 60 above as though fully set forth herein.

62. Plaintiff is a member of a protected class based on her sex (female) within the meaning of the PHRA.

63. Defendant, through its agents, managers, and supervisors, discriminated against Plaintiff in the terms, conditions, and privileges of employment on the basis of her sex in violation of the PHRA.

64. Defendant's conduct, policies, practices, and failures to act, as described above, would not have occurred but for Plaintiff's sex.

65. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered and continues to suffer loss of income and benefits, emotional distress, humiliation, and other damages.

COUNT III

AGE DISCRIMINATION – ADEA

(Against Defendant Fanatics Group Concessions LLC)

66. Plaintiff incorporates by reference Paragraphs 1 through 65 above as though fully set forth herein.

67. At all relevant times, Plaintiff was over forty (40) years of age and was therefore a member of a protected class under the ADEA.

68. Defendant, through its agents, managers, and supervisors, subjected Plaintiff to discrimination in the terms, conditions, and privileges of employment because of her age.

69. Such discriminatory treatment included, but was not limited to, preferential treatment and promotional opportunities afforded to significantly younger employees, assignment of more favorable shifts and events to younger employees, and the use of derogatory age-related comments and stereotypes about Plaintiff being "too old" or needing to "make way for younger workers."

70. Defendant took adverse employment action against Plaintiff, including [termination or other specified adverse action], under circumstances that give rise to an inference of age discrimination.

71. Defendant's reasons for the adverse actions taken against Plaintiff were pretextual and not worthy of credence, and the true motive was unlawful age discrimination in violation of the ADEA.

72. As a direct and proximate result of Defendant's violations of the ADEA, Plaintiff has suffered lost wages, lost benefits, and other compensatory damages, as well as emotional distress and humiliation.

COUNT IV

AGE DISCRIMINATION – PHRA

(Against Defendant Fanatics Group Concessions LLC)

73. Plaintiff incorporates by reference Paragraphs 1 through 72 above as though fully set forth herein.

74. Plaintiff is over the age of forty (40) and is a member of a protected class under the PHRA.

75. Defendant discriminated against Plaintiff because of her age with respect to the terms, conditions, and privileges of her employment, including but not limited to scheduling, discipline, promotions, and the decision to [terminate or otherwise adversely affect] her employment.

76. Defendant's conduct as alleged herein constitutes unlawful age discrimination in violation of the PHRA.

77. As a direct and proximate result of Defendant's violations of the PHRA, Plaintiff has suffered and continues to suffer lost wages, lost benefits, emotional distress, and other damages.

COUNT V

RETALIATION – TITLE VII, ADEA, AND PHRA

(Against Defendant Fanatics Group Concessions LLC)

78. Plaintiff incorporates by reference Paragraphs 1 through 77 above as though fully set forth herein.

79. Plaintiff engaged in protected activity under Title VII, the ADEA, and the PHRA by, inter alia, opposing and complaining about discrimination, harassment, and unequal treatment based on her sex and age.

80. Plaintiff also engaged in protected activity by filing charges of discrimination with the EEOC and PHRC.

81. Shortly after and because of Plaintiff's protected activity, Defendant, by and through its agents, subjected her to materially adverse actions that would dissuade a reasonable worker from making or supporting a charge of discrimination.

82. Such retaliatory actions included, but were not limited to, escalating scrutiny of her work performance, unwarranted discipline, reduction in hours, denial of desirable assignments, hostility from management, and, ultimately, [termination or other adverse employment action].

83. Defendant's actions were motivated by Plaintiff's protected activity in violation of Title VII, the ADEA, and the PHRA.

84 As a direct and proximate result of Defendant's unlawful retaliation, Plaintiff has suffered lost wages and benefits, emotional distress, humiliation, and other damages.

COUNT VI

HOSTILE WORK ENVIRONMENT – TITLE VII AND PHRA

(Against Defendant Fanatics Group Concessions LLC)

85. Plaintiff incorporates by reference Paragraphs 1 through 84 above as though fully set forth herein.

86. Plaintiff was subjected to unwelcome conduct on the basis of her sex and, under the PHRA, also on the basis of her age, including offensive comments, demeaning remarks, sexist and ageist stereotypes, intimidation, disparate treatment in scheduling and assignments, and retaliation for complaining.

87. The harassment and discriminatory conduct were sufficiently severe and/or pervasive to alter the conditions of Plaintiff's employment and create a hostile, abusive working environment.

88. Plaintiff subjectively perceived this environment to be hostile and abusive, and this perception was objectively reasonable under the circumstances.

89. Defendant knew or should have known of the hostile work environment through Plaintiff's complaints to management and/or human resources and through the open and notorious nature of the conduct, but failed to take prompt, appropriate remedial action.

90. Defendant is liable for the hostile work environment created by its supervisors and agents, as well as for its failure to prevent or correct the harassing conduct.

91. As a direct and proximate result of Defendant's creation of and failure to remedy a hostile work environment, Plaintiff has suffered lost wages, emotional distress, humiliation, and other damages.

COUNT VII

NEGLIGENCE – NEGLIGENT HIRING, RETENTION, SUPERVISION, AND FAILURE TO INVESTIGATE

(Against Defendant Fanatics Group Concessions LLC)

92. Plaintiff incorporates by reference Paragraphs 1 through 91 above as though fully set forth herein.

93. Defendant owed Plaintiff a duty of reasonable care to provide a safe work environment free from unlawful discrimination, harassment, and retaliation, and to hire, train, supervise, and retain competent, law-abiding personnel.

94. Defendant breached its duty of care by negligently hiring, retaining, supervising, and failing to discipline or remove managers, supervisors, and employees who engaged in discriminatory, harassing, and retaliatory conduct toward Plaintiff..

95. Defendant further breached its duty by failing to properly investigate Plaintiff's complaints, failing to implement or enforce adequate anti-discrimination and anti-harassment policies, and failing to take appropriate corrective action when placed on notice of the unlawful conduct.

96. Defendant knew or should have known that its employees and agents had a propensity to engage in the type of wrongful conduct described herein, yet Defendant failed to take reasonable steps to prevent or correct such conduct.

97. As a direct and proximate result of Defendant's negligence, Plaintiff suffered harm including loss of employment or employment opportunities, lost wages and benefits, emotional distress, anxiety, humiliation, and other damages.

COUNT VIII

EMOTIONAL DISTRESS

(Against Defendant Fanatics Group Concessions LLC)  (Pled in the Alternative as Intentional and/or Negligent Infliction of Emotional Distress)

98. Plaintiff incorporates by reference Paragraphs 1 through 97 above as though fully set forth herein.

*A. Intentional Infliction of Emotional Distress (IIED) – Alternative Theory*

99. In the alternative, Defendant, by and through its agents, managers, and supervisors, engaged in extreme and outrageous conduct with the intent to cause, or with reckless disregard of the probability of causing, severe emotional distress to Plaintiff.

100. Such extreme and outrageous conduct included, but was not limited to: persistent discriminatory and harassing comments about Plaintiff's sex and age; the creation and maintenance of a hostile work environment; retaliatory acts following Plaintiff's protected complaints; and the deliberate use of intimidation and threats regarding her job security.

102. Defendant's conduct exceeded all bounds of decency tolerated in a civilized society and was perpetrated with malice and/or reckless indifference to Plaintiff's rights and well-being.

103. As a direct and proximate result of Defendant's intentional or recklessly indifferent actions, Plaintiff has suffered severe emotional distress, including anxiety, depression, humiliation, loss of self-esteem, and physical manifestations of stress, including but not limited to [insomnia, headaches, gastrointestinal issues, or other symptoms].

B. Negligent Infliction of Emotional Distress (NIED) – Alternative Theory

104. In the alternative, and to the extent necessary for preservation of claims, Defendant's conduct as described herein also constitutes negligent infliction of emotional distress under Pennsylvania law.

105. Defendant owed Plaintiff a duty of reasonable care to protect her from foreseeable harm, including the emotional harm that would result from being subjected to severe discrimination, harassment, retaliation, and wrongful adverse employment actions.

106. Defendant breached that duty by negligently failing to prevent or correct known discriminatory and harassing conduct; negligently hiring, retaining, and supervising individuals known or reasonably expected to engage in such conduct; and negligently failing to respond appropriately to Plaintiff's complaints.

107. As a direct and proximate result of Defendant's negligence, Plaintiff suffered serious emotional distress and accompanying physical manifestations, and has required and/or will require medical, psychological, and/or counseling treatment.

108. Plaintiff pleads the foregoing theories of intentional and negligent infliction of emotional distress in the alternative, to the extent such alternative or overlapping theories are permitted under Pennsylvania law.

## VII. PRAYER FOR RELIEF

1. Plaintiff incorporates by reference Paragraphs 1 through 110 above as though fully set forth herein.

2. WHEREFORE, Plaintiff, Michele Richards, respectfully requests that this Honorable Court enter judgment in her favor and against Defendant, Fanatics Group Concessions LLC, and grant the following relief:

a. Declare that Defendant's actions, policies, and practices complained of herein violated Title VII, the ADEA, the PHRA, and Pennsylvania common law;

b. Enter judgment in favor of Plaintiff and against Defendant on all Counts of this Complaint;

c. Award Plaintiff back pay, including lost wages, salary, bonuses, overtime, and the value of lost benefits, including but not limited to health insurance, retirement contributions, and other benefits of employment, from the date of the adverse employment actions through the date of judgment;

d. Award Plaintiff front pay in lieu of reinstatement, or, in the alternative, order reinstatement to her former position or a comparable position, with all seniority, benefits, and other rights restored, to the extent reinstatement is feasible and appropriate;

e. Award Plaintiff compensatory damages for emotional pain, suffering, inconvenience, physical and emotional distress, mental anguish, humiliation, loss of enjoyment of life, and other non-economic losses allowed by law under Title VII and the PHRA;

f. Award Plaintiff liquidated damages under the ADEA, to the extent permitted by law, for Defendant's willful violations of the ADEA;

g. Award Plaintiff punitive damages to the extent permitted under Title VII and the PHRA, based on Defendant's malicious, willful, and/or reckless disregard of Plaintiff's federally and state-protected rights;

h. Award Plaintiff pre-judgment and post-judgment interest at the maximum rates allowed by law on all monetary awards;

i. Award Plaintiff her reasonable attorneys' fees, expert witness fees, and costs of litigation pursuant to Title VII, the ADEA, the PHRA, and other applicable law;

j. Award Plaintiff the costs of this action and all disbursements associated with this litigation;

k. Require Defendant to implement appropriate policies, training, and monitoring programs to ensure compliance with federal and state anti-discrimination and anti-retaliation laws;

l. Grant such other and further legal and equitable relief as this Court deems just, proper, and necessary to make Plaintiff whole and to deter similar unlawful conduct in the future.

## VIII. JURY DEMAND

1. Plaintiff hereby demands a trial by jury on all issues and claims in this Complaint that are triable by a jury.

## IX. ATTORNEY INFORMATION AND SIGNATURE

Respectfully Submitted,

*Sharon Wigle, Esq.*

**SHARON L. WIGLE, ATTORNEY AT LAW**

Sharon Lawruler L.L.C

471 Hill Churches RD

Latrobe, Pennsylvania 15650

P-(724) 420-0937

F-1-800-373-5652

Sharon@Lawruler.onmicrosoft.com

PA I.D.: 59964

Counsel for Plaintiff,  Michele Richards


Sharon L. Wigle, Esquire

**VERIFICATION**

I, Michele Richard, verify as follows:

1. I am the Plaintiff in the foregoing civil action captioned *Michele Richards v. Fanatics Group Concessions LLC*, in the United States District Court for the Western District of Pennsylvania.

2. I have read the foregoing Complaint and know the contents thereof.

3. The facts set forth therein are true and correct to the best of my knowledge, information, and belief, based upon my personal knowledge and/or information believed by me to be true.

4. I understand that the statements made in the Complaint are subject to the penalties of 18 Pa.C.S.A. § 4904, relating to unsworn falsification to authorities.

DocuSigned by:

*Michele Richard*

0271CED518A6435...

Michele Richards

Date: February 12, 2026

CERTIFICATE OF SERVICE

I hereby certify that on the __4th__ day of _February, 2026, I served a true and correct copy of the foregoing Motion (Petition) for Continuance to Permit Defendant to Prepare and File an Answer and Proposed Order upon:

**AG Plumbing** (pro se)  6564 Frankstown Ave., Pittsburgh, Pennsylvania 15206

via: ☐ U.S. Mail (first class) xx☐ Certified Mail ☐ Hand delivery ☐ E-mail (if agreed) ☐ Other: _____

Respectfully Submitted,

*Sharon Wigle, Esq.*

Sharon L. Wigle, Esquire